IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | 02: 08-cr-0312 |
| | ) | 02: 09-cv-0493 |
| HAROLD D. PRICE | ) | |

**MEMORANDUM ORDER**

Presently before the Court is a MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY filed *pro se* by Petitioner, Harold D. Price (*Document No. 31.*)

On August 20, 2008, Harold D. Price waived indictment and pled guilty to both counts of a two-count Information, which charged him in Count One with Possession With Intent to Distribute Less than Fifty (50) Kilograms of Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and in Count Two with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).  On that same day, the government filed an Information Charging Prior Offenses Pursuant to Title 21, United States Code, Section 851.

On March 12, 2009, the Court sentenced Defendant to 210 months of imprisonment, consisting of 114 months at Count One and 96 months at Count Two, such terms to be served consecutively, to be followed by five years supervised release.

On March 17, 2009, Defendant, through counsel, requested an extension of time in which to file a notice of appeal.  By Order of Court dated March 18, 2009, Defendant's request was granted and Defendant was given an extension until April 27, 2009 to file a Notice of Appeal.  The docket reflects, however, that Defendant never filed a Notice of Appeal.

On April 23, 2009, Defendant *pro se* filed the instant motion in which he asks the Court to vacate, set aside or correct his sentence based on claims of alleged ineffective assistance of counsel.  At the time Defendant filed the instant motion, he was being temporarily housed at the North East Ohio Correctional Center in Youngstown, Ohio; he has since been transferred to the McKean Federal Correctional Institution in Bradford, Pennsylvania.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") has implemented a procedural framework that limits the number and frequency of second or successive § 2255 petitions which may be brought before the federal courts.   "The once generous practice of liberally construing pro se filings as § 2255 motions was rendered potentially disadvantageous by the enactment of AEDPA:

> Had AEDPA not been enacted, the District Court's handling of Miller's motions in this case would pose no problem. AEDPA, however, dramatically altered the form and timing of habeas petitions filed in the federal courts. Section 2255, as amended by AEDPA, bars second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals. Amended sections 2255 and 2244(d)(1), moreover, impose a one-year statute of limitation on applications for writ of habeas corpus. Habeas petitioners must therefore be careful to avoid the twin procedural bars that AEDPA has created. To avoid making successive claims, petitioners must marshal in one § 2255 writ all the arguments they have to collaterally attack their convictions. And in order to avoid being time barred, they must take care to file this one all-inclusive petition within one year of the date on which the judgment of conviction becomes final.
>
> With AEDPA in place, the practice of liberally construing post-conviction motions as § 2244 petitions can, in the absence of cautionary or educational measures, impair the ability of inmates to challenge their convictions on collateral review. If each pro se post-conviction filing is treated as a § 2255 writ, as was once the case, inept petitioners face losing potentially valid constitutional claims at the hands of judges who are applying a rule of liberal construction that was created to benefit pro se claimants.

*United States v. Chew*, 284 F.3d 468, 470-71 (3d Cir. 2002) (quoting *United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999)).

Accordingly, under the *Miller* case "district courts provide certain prophylactic 'notice' measures before either re-characterizing a post-conviction motion as a § 2255 motion or ruling on a § 2255 motion denominated as such when the petitioner is proceeding pro se." *Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir. 2000).[1]

The *Miller* rule obligates this Court to advise Defendant that he may:

(1)  have his motion ruled upon as filed;

(2)  if his motion is not styled as a § 2255 motion, have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or

(3)  withdraw his motion, and file one all-inclusive § 2255 petition within the one-year statutory period.

*Miller,* 197 F.3d at 652.

---

[1]  In dicta, the United States Court of Appeals for the Third Circuit in *United States v. Perry*, 142 F. App'x 610 (3d Cir. 2005), expressed concern over the requirements of *Miller* in light of the United States Supreme Court's decisions in *Castro v. United States*, 540 U.S. 375 (2003) and *Pliler v. Ford,* 542 U.S. 225 (2004).  The court of appeals explained that the Supreme Court's decisions required a prisoner be given notice prior to recharacterizing the prisoner's post-conviction filing as a 28 U.S.C. § 2255 motion, but the court is not required to warn the prisoner of certain consequences. The Court of Appeals for the Third Circuit noted that *Miller* may require the courts to go too far by issuing a "procedural roadmap to every *pro se* litigant who files a pleading, however denominated, expressing an intention to challenge his or her conviction or sentence." *Perry*, 142 F. App'x at 612-13. The Court of Appeals for the Third Circuit has nonetheless cited the *Miller* requirements with approval since it decided *Perry*. See *In re Wagner*, 421 F.3d 275, 278 (3d Cir. 2005).

Because Defendant Price might not have been aware of the potential legal consequences when he filed the instant motion on April 23, 2009, the Court will delay its consideration of his motion at the present time. Instead, Defendant will be ordered to consider, then select one of the three options listed above and advise the Court of his decision on or before **September 3, 2009**, which is forty-five (45) days from this Memorandum Order. If Defendant chooses not to respond, this Court will rule upon the motion as filed as explained in Option # 1 above.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | 02: 08-cr-0312 |
| | ) | 02: 09-cv-0493 |
| HAROLD D. PRICE | ) | |

**ORDER OF COURT**

**AND NOW**, this 17th day of July, 2009, upon consideration of the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Petitioner Harold D. Price, it is hereby **ORDERED** that Petitioner / Defendant Harold D. Price has until September 3, 2009, which is forty-five (45) days from the date of this Order, within which to advise this Court as to his choice from the following three options:

(1)　have his motion ruled upon as filed;

(2)　if his motion is not styled as a § 2255 motion, have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or

(3)　withdraw his motion, and file one all-inclusive § 2255 petition within the one-year statutory period.

If Petitioner does not notify this Court of his choice, then this Court will rule upon his motion as filed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court

cc:  Troy Rivetti,
Assistant U.S. Attorney
Email: Troy.Rivetti@usdoj.gov

Harold D. Price,
Register # 09580-068
FCI McKean
Federal Correctional Institution
P. O. Box 8000
Bradford, PA 16701