# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) 2:08-CR-312-NR<br>) |
| HAROLD PRICE, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM ORDER

Harold Price is serving a 17 ½-year prison sentence for drug and gun charges, having been found to be a career offender. Including his BOP credits, he has about two years remaining on his sentence. He now moves for compassionate release under 18 U.S.C. § 3582, citing his heightened risk of illness or death due to COVID-19 as the basis for that request. After carefully reviewing the parties' submissions, the sentencing transcript, and the other materials in the record, the Court will **DENY** the motion, without prejudice, for two reasons.

First, the Court finds that Mr. Price hasn't established "extraordinary and compelling reasons" for release due to COVID-19. To be sure, he suffers from ailments that would place him at higher risk if he contracts COVID-19, such as type-2 diabetes and obesity. But that is only half of the equation. Mr. Price also needs to show that the BOP facility in which he is housed has not adequately cared for his medical needs. *See United States v. Somerville*, 463 F. Supp. 3d 585 (W.D. Pa. 2020) (Ranjan, J.) (finding that defendant must show serious medical condition and "an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held").

There are at least a few different ways Mr. Price could do that. For example, he could show that there is a significant and seemingly uncontrolled outbreak of COVID-19 in the facility where he is held. Evidence of an actual,

substantial outbreak in a prison facility is perhaps the strongest evidence that a prison cannot protect its medically vulnerable prisoners from the spread of deadly disease. Additionally, though perhaps a harder showing without an actual outbreak, Mr. Price could demonstrate that the procedures or conditions at the prison are so deficient as to present an unacceptable risk that the BOP will be unable to treat or quarantine him if cases spike. After all, "[p]risons are tinderboxes for infectious disease." *United States v. Rodriguez*, 451 F. Supp. 3d 392, 394 (E.D. Pa. 2020). And amid an ongoing pandemic, some foresight and preparation by prison authorities is necessary to ensure that the sentences being served in their facility do not "include incurring a great and unforeseen risk of severe illness or death." *Id*. at 407.

Most decisions granting compassionate release based on COVID-19 have involved some showing of *both* these things (*i.e.*, an actual outbreak and the lack of an adequate response by the BOP). That was, for example, the situation in *United States v. Somerville*, where this Court released a vulnerable prisoner kept in a dorm-style prison with one of the worst outbreaks in the federal prison system. *See Somerville*, 463 F. Supp. 3d 585.

Here, FCI-Miami appears to have had very few cases of COVID-19 (the BOP reports only ten positive inmate cases at this time). There is no evidence to suggest that FCI-Miami is not effectively mitigating the spread of COVID-19, or that it is unable or unwilling to provide adequate medical care to Mr. Price. Thus, the Court will deny Mr. Price's motion, but will do so without prejudice. Certainly, if the conditions at FCI-Miami worsen, and Mr. Price can establish a more particularized risk of exposure, he may re-file his motion after a renewed request to the warden.

Second, even if Mr. Price could establish extraordinary and compelling reasons for his release, the Court has concerns that his release would conflict

with the sentencing factors under Section 3553(a), which the Court must consider. On one hand, the circumstances of Mr. Price's offenses were serious and involved violence and firearms. His criminal history also reflects significant recidivism and instances of violence and firearm possession. Yet, on the other hand, Mr. Price argues that he is a changed man, and presents some evidence of that (*e.g.*, he is now 50 years old and has completed various BOP programs, including anger management).

For now, the Court need not definitively find that the Section 3553(a) factors cut against Mr. Price's release. This is so because the Court's consideration of these factors includes the time that a defendant has remaining on his sentence. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (noting that a court may consider the time remaining on a sentence when evaluating the Section 3553(a) factors). Right now, that is about two years for Mr. Price—and a sentence reduction of two years would, in the Court's estimation, conflict with the weight of the Section 3553(a) factors. That said, in the event that Mr. Price re-files his motion at a later date if his prison conditions materially worsen and less time remains on his sentence, this may have an effect on how the Court will evaluate and weigh the Section 3553(a) factors at that point in time.

For these reasons, Mr. Price's motion is denied without prejudice.

DATED this 4th day of November, 2020.

> BY THE COURT:
>
> /s/ *J. Nicholas Ranjan*
> United States District Judge